IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TIMOTHY MCCALLAN, | ) |
| | ) |
|     Defendant/Appellant, | ) |
| v. | )   CASE NO. 2:11-cv-784-MEF [WO] |
| | ) |
| DANIEL G. HAMM, | ) |
| | ) |
|     Plaintiff/Appellee. | ) |

## MEMORANDUM OPINION AND ORDER

This bankruptcy appeal is before the Court on Plaintiff/Appellee's Motion to Strike Notice of Appeal (Doc. #4), to which Defendant/Appellant has responded (Doc. # 7). For the following reasons, the motion to strike is due to be **DENIED**.

On August 19, 2011, the Bankruptcy Court entered an Order (Doc. #3-28) denying Defendant/Appellant's motion to compel arbitration. Defendant/Appellant filed a Notice of Appeal pursuant to 28 U.S.C. § 158(a), which states that "[t]he district courts . . . shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees; (2) from interlocutory orders . . . issued under section 1121(d) of Title 11; and (3) with leave of court, from other interlocutory orders . . . ." *Id.* Plaintiff/Appellee's motion to strike argues that Defendant/Appellant was required, but failed, to file a motion for leave to appeal under Federal Rule of Bankruptcy Procedure 8001. Mot. to Strike, Doc. #5 at 2. To determine whether leave of court was required, the Court must determine whether the Bankruptcy Court's Order denying the motion to compel arbitration was a final order, § 158(a)(1), or an interlocutory order, § 158(a)(3). *See also* Fed. R. Bankr. P. 8001(a) & (b).

Two principles of law guide the Court to the conclusion that the Bankruptcy Court's Order denying arbitration is "final" for purposes of § 158(a).  The first is the liberal interpretation of "finality" under the Bankruptcy Code.  The second is the manner in which the Federal Arbitration Act ("FAA") treats appeals of orders denying motions to compel arbitration.

The Eleventh Circuit has stated that "the statutory requirement of finality [in the bankruptcy context] is a flexible concept, grounded in the practicalities of the situation[,]" *In re Martin Bros. Toolmakers, Inc.*, 796 F.2d 1435, 1437 (11th Cir. 1986), and that "[t]he concept of finality employed to determine appealability under the Bankruptcy Code is open to a more liberal interpretation than that applicable to civil litigation governed by 28 U.S.C. § 1291," *In re Atlas*, 210 F.3d 1305, 1307-08 (11th Cir. 2000) (quoting *In re Morrell*, 880 F.3d 855, 856 (5th Cir. 1989)).  *See also Ritchie Special Credit Invs., Ltd. v. U.S. Trustee*, 620 F.3d 847, 852 (8th Cir. 2010); *In re Bender*, 586 F.3d 1159, 1163 (9th Cir. 2009); *In re Forty-Eight Insulations*, 115 F.3d 1294, 1299 (7th Cir. 1997); *In re Dow Corning Corp.*, 86 F.3d 482, 488 (6th Cir. 1996).  In other words, in the bankruptcy context, an order may be "final" even though not falling strictly within that general usage of the word.

Second, the FAA evinces a "liberal federal policy favoring arbitration agreements." *Hill v. Rent-A-Center, Inc.*, 398 F.3d 1286, 1288 (11th Cir. 2005) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)); *see also Picard v. Credit Solutions, Inc.*, 564 F.3d 1249, 1253 (11th Cir. 2009) ("The FAA creates a strong federal policy in favor of arbitration.").  One component of this pro-arbitration policy is found in

section 16 of the FAA, which "grants a party the *right* to file an interlocutory appeal from the denial of a motion to compel arbitration." *Blinco v. Green Tree Serv., LLC*, 366 F.3d 1249, 1251-52 (11th Cir. 2004) (emphasis added) (citing 9 U.S.C. § 16(a)(1)). The Eleventh Circuit recognized in *Blinco* that "providing a party who seeks arbitration with swift access to appellate review . . . [was] one of the principal benefits of arbitration[.]" *Id.* In short, a party need not obtain leave of court to appeal an order denying a motion to compel arbitration under § 16(a) of the FAA.

Thus, a requirement of obtaining leave to appeal in the bankruptcy context would be peculiar and would erect a not-so-insubstantial barrier to appellate review for the party seeking arbitration. In order to give full effect to § 16(a) of the FAA in the bankruptcy context, the Court concludes that a bankruptcy court's order denying a motion to compel arbitration is "final" for purposes of § 158(a) of the Bankruptcy Code. Thus, Defendant/Appellant was not required to obtain leave of court prior to filing his Notice of Appeal.[1] Accordingly, it is ORDERED that the motion to strike (Doc. # 4) is DENIED. It is further ORDERED that the Order suspending the briefing schedule (Doc. # 6) is VACATED.

DONE this 1st day of December, 2011.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE

---

[1] Even if the Bankruptcy Court's Order was interlocutory in nature and required leave of court to appeal, this Court would have granted such leave: "If a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court . . . may grant leave to appeal . . . ." Fed. R. Bankr. P. 8003(c).